UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **MARK BARLEY,**<br><br>*Plaintiff,*<br>v.<br><br>**HUNTINGTON DEBT HOLDING, LLC, COMPATTIA ROCCIA MANAGEMENT GROUP, LLC, SANDRA A. SERIO,** *and* **JENELLE A. GRACI**,<br><br>*Defendants*. | Case No.:<br>_____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, Mark Barley ("Mr. Barley"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, Huntington Debt Holding, LLC, also known as Huntington Debt Holdings, LLC ("Huntington"), Compattia Roccia Management Group, LLC ("CRMG"), Sandra A. Serio ("Serio"), and Jenelle A. Graci, also known as Jenelle Grace ("Grace") (collectively "Defendants"), stating as follows:

**PRELIMINARY STATEMENT**

1. This is an action brought by Mr. Barley against Huntington, CRMG, Serio, and Grace for violations of the *Fair Debt Collection Practices Act* ("FDCPA"), 15 U.S.C. § 1692, *et seq*. and the *Florida Consumer Collection Practices Act* ("FCCPA"),

Page **1** of **18**

Section 559.55, Florida Statutes, *et seq.*

## JURISDICTION AND VENUE

1. Subject matter jurisdiction for Plaintiff's federal claims arises under the FDCPA, 15 U.S.C. § 1692(k), a federal statute.

2. This Court has supplemental jurisdiction for Mr. Barley's state law claim pursuant to 28 U.S.C. § 1367.

3. The Defendants are subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and Fed. R. Civ. P. 4(k).

4. The Plaintiff has standing under Article III of the Constitution because he detrimentally relied on the Defendants' false statements made in connection with the collection of a consumer debt. *Trichell v. Midland Credit Mgmt.*, 964 F.3d 990 (11th Cir. 2020).

## PARTIES

### Mr. Barley

2. Mr. Barley is a natural person residing in the City of Tampa, Hillsborough County, Florida.

3. Mr. Barley is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the FCCPA, Section 559.55(8), Florida Statutes.

### Huntington

4. Huntington is a New York foreign limited liability company with a principal business address of 1965 Sheridan Drive, Suite 200, Buffalo, NY 14223.

5. Huntington's Florida Registered Agent is CT Corporation System, 1200 S Pine Island Rd., Plantation, FL 33324.

6. Huntington is registered with the Florida Office of Financial Regulation as a consumer collection agency and holds license number CCA9904192.

### CRMG

7. CRMG is a New York limited liability company with a primary business address of 43 Court St., Buffalo, NY 14202.

8. CRMG is not registered with the Florida Secretary of State as a foreign entity transacting business in Florida.

9. CRMG's New York registered agent is United States Corporation Agents, Inc., 7014 13th Ave, Suite 202, Brooklyn, NY 11228.

### Serio

10. Serio is an individual person and the sole managing member of Huntington.

11. As the sole managing member, Serio is responsible for the day-to-day operations of Huntington and is responsible for implementing its policies and

procedures regarding debt collection, including its policies regarding communications with consumers.

12. Serio has the ability review any collection communications made by Huntington.

13. Serio is responsible is responsible for reviewing any and all regulations affecting his business, or alternatively, is responsible for hiring personnel to ensure the company he manages is in compliance with those regulations.

14. Serio is also aware of any complaints filed against Huntington through the Better Business Bureau, the Consumer Financial Protection Bureau, any state Attorney General office, or court of law.

15. Serio maintains an office at 1965 Sheridan Drive, Suite 100, Buffalo, NY 14223.

### Grace

16. Grace is the owner and manager of CRMG. She resides at 115 Wardman Rd., Kenmore, NY 14217.

17. Grace is a managing member of CRMG, and therefore is responsible for all day-to-day management decisions of the company.

18. Grace has the ability review any collection communications made by CRMG.

19. Grace is responsible for reviewing any and all regulations affecting his business, or alternatively, is responsible for hiring personnel to ensure the company she manages is in compliance with those regulations.

20. Grace is also aware of any complaints filed against CRMG through the Better Business Bureau, the Consumer Financial Protection Bureau, any state Attorney General office, or court of law.

21. The Defendants are debt collectors within the meaning of both the FDCPA and FCCPA, 15 U.S.C. § 1692a(6) and Section 559.55(7), Florida Statutes, respectively, in that they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

22. Defendants also use an instrumentality of commerce, including the U.S. mail and / or telephone, interstate and within the state of Florida, for their business, the principal purpose of which is the collection of debts.

## FACTUAL ALLEGATIONS

### The Debt

23. Around August 12, 2015, Tempoe, LLC ("Tempoe") offered an installment loan to Mr. Barley relating to a consumer purchase.

24. Around June 2016, Tempoe charged-off the alleged debt and that Mr. Barley still owed $684 (the "Debt" or "Loan").

25. Mr. Barley disputes owing the Debt.

26. The Debt arose from property which was for family, personal, or household purposes, specifically a loan for personal purposes, and therefore meets the FDCPA and FCCPA definitions of "debt." *See* 15 U.S.C. § 1692a(5) and Section 559.55(6), Florida Statutes.

### CRMG, on Behalf of Huntington, Attempts to Illegally Collect Debt

27. Around July 25, 2017, Tempoe sold or otherwise assigned the Loan to Huntington, or some other successor-in-interest who then later re-sold it to Huntington.

28. Sometime after that, Huntington hired CRMG as its agent and placed the Loan for collection with CRMG.

29. On or around April 14, 2022, CRMG made a phone call to Mr. Barley, attempting to collect the Debt.

30. Mr. Barley spoke with an agent for CRMG who demanded payment of the $684 balance claimed as owed to Huntington.

31. CRMG threatened that, if the balance was not paid immediately, it would be reported to the major *Consumer Credit Reporting Agencies* ("CRAs"): TransUnion, Equifax, and Experian.

32. CRMG threatened that legal action would also be taken to obtain judgment and garnish Mr. Barley's wages if the debt was not paid.

33. The Defendants knowingly and intentionally lied to Mr. Barley, as CRMG and Huntington are not credentialed subscribers to any of the CRAs and therefore have no ability to report tradeline data to the CRAs.

34. The Defendants threats of legal action are likewise hollow, as neither are attorneys admitted to practice in Florida.

35. Prior to making the threatening communications to the Plaintiff, the Defendants never sued consumers for unpaid debts in Florida.

36. The Defendants do, however, have a considerable history of being sued <u>by consumers</u> for false threats in connection with collection of a consumer debt. See, e.g., *Christy Dunaway vs. Huntington Debt Holdings LLC*, case 1:2021cv01501, November 10, 2021, US District Court for the Northern District of Alabama; *Amanda Thompson vs. Bayside Capital Services LLC and Huntington Debt Holding, LLC*, 1:2021cv00939, US District Court for the Western District of New York, August 17, 2021; *William Burford vs. Compattia Roccia Management Group, LLC and Jenelle A. Graci*, case 7:2021cv00126, July 16, 2021, US District Court for the Western District of Texas.

37. Despite knowing this collection conduct is prohibited, Defendants continue to employ these deceptive tactics.

38. The disputed Debt, even if it was legitimately owed by Mr. Barley, is time-barred under the applicable statute of limitations.

39. The statute of limitations in Florida for a legal or equitable action on a contract, obligation, or liability founded on a written instrument is five years. See Fla. Stat. § 95.11(2)(b).

40. Therefore, the timeframe within which to litigate the debt expired during the summer of 2021, almost a full year before the Defendants' threatening communications

41. The Defendants threats directly caused Mr. Barley to pay $273.59 to settle the debt, even though he disputed owing the amount. **SEE PLAINTIFF'S EXHIBIT A.**

42. The Defendants' behavior toward Mr. Barley was not unusual and represented the Defendants' normal business practices of collecting time-barred, charged-off consumer debt by falsely claiming legal action can still be taken against the consumer.

43. The Defendants' collection call was a *communication* as defined by 15 U.S.C. § 1692a(2) and Section 559.55(2), Florida Statutes, and was in connection with the collection of a consumer debt.

44. CRMG was acting on behalf of, and at the direction of, Huntington.

45. Serio is the sole managing member of Huntington, and therefore is responsible for all day-to-day management decisions of the company.

46.     Serio and Grace are both, personally, jointly and severally liable for the actions of the debt collection agencies and their agents taken pursuant to the policies they put in place and had authority to control. *See Fed. Trade Comm'n v. Primary Grp., Inc.,* No. 16-13532, at *3 n.2 (11th Cir. Sep. 29, 2017).

47.     Huntington, a debt collector itself, is liable for the actions of its agent, CRMG.

48.     The Defendants are jointly and severally liable for their violations of the aforementioned statutes.

49.     Mr. Barley has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692e

50.     Mr. Barley adopts and incorporates paragraphs 1 – 49 as if fully stated herein.

51.     The Defendants violated 15 U.S.C. § 1692e when CRMG, acting on behalf of Huntington, used misleading and deceptive means to attempt to collect a debt from Mr. Barley, by threatening to report the Loan to the CRAs despite having no ability to do so, or intention to do so, and threatening to initiate legal proceedings against him on a disputed, time-barred debt.

52.     The Defendants' conduct renders them liable for the above-stated violations of the FDCPA.

## COUNT II
## **VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692e(2)(a)**

53. Mr. Barley adopts and incorporates paragraphs 1 – 49 as if fully stated herein.

54. The Defendants violated 15 U.S.C. § 1692e(2)(a) when CRMG, acting on behalf of Huntington, falsely represented the legal status of a debt when they attempted to collect the time-barred Debt from Mr. Barley by threatening to initiate legal proceedings against him.

55. The Defendants' conduct renders them liable for the above-stated violations of the FDCPA.

## COUNT III
## **VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692e(5)**

56. Mr. Barley adopts and incorporates paragraphs 1 – 49 as if fully stated herein.

57. The Defendants violated 15 U.S.C. § 1692e(5) when CRMG, acting on behalf of Huntington, threatened to take action that they did not intent to take and that could not be legally taken, by threatening to report the Loan to the CRAs despite having no ability to do so, or intention to do so, and threatening to initiate legal proceedings against him on a disputed, time-barred debt.

58. The Defendants' conduct renders them liable for the above-stated violations of the FDCPA.

## COUNT IV
## VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692e(10)

59. Mr. Barley adopts and incorporates paragraphs 1 – 49 as if fully stated herein.

60. The Defendants violated 15 U.S.C. § 1692e(10) when CRMG, acting on behalf of Huntington, used misleading and deceptive means to attempt to collect a debt from Mr. Barley by threatening to report the Loan to the CRAs despite having no ability to do so, or intention to do so, and threatening to initiate legal proceedings against him on a disputed, time-barred debt.

61. The Defendants' conduct renders them liable for the above-stated violations of the FDCPA.

## COUNT V
## VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692f

62. Mr. Barley adopts and incorporates paragraphs 1 – 49 as if fully stated herein.

63. The Defendants violated 15 U.S.C. § 1692f when CRMG, acting on behalf of Huntington, used unfair means to collect a debt by intentionally and maliciously misleading Mr. Barley into believing his failure to pay a disputed, time-barred debt would result in immediate negative credit reporting, as well as legal action.

64. Mr. Barley's situation is not an outlier and represents the Defendants normal business practices.

65. The Defendants' conduct renders them liable for the above-stated violations of the FDCPA.

## COUNT VI
## VIOLATIONS OF THE FCCPA

66. Mr. Barley adopts and incorporates paragraphs 1 - 49 as if fully stated herein.

67. The Defendants violated Section 559.72(9), Florida Statutes, when they asserted legal rights which do not exist, to wit, the Defendants could initiate and maintain a lawsuit against Mr. Barley for a time-barred debt.

68. The Defendants' actions were knowing, intentional, and performed for the purpose of deceiving Mr. Barley – a ruse which the Defendants were successful in pulling off.

69. The Defendants' conduct renders them liable for the above-stated violations of the FCCPA.

## COUNT VII
## VIOLATIONS OF THE FCCPA

70. Mr. Barley adopts and incorporates paragraphs 1 - 49 as if fully stated herein.

71. The Defendants violated Section 559.72(12), Florida Statutes, when they orally communicated in such a way as to imply the Defendants were or were associated with one or more attorneys-at-law, when they were not.

72. The Defendants' actions were knowing, intentional, and performed for the purpose of deceiving Mr. Barley – a ruse which the Defendants were successful in pulling off.

73. The Defendants' conduct renders them liable for the above-stated violations of the FCCPA.

## PRAYER FOR RELIEF

**WHEREFORE,** Mr. Barley respectfully requests that this Honorable Court enter judgment against the Defendants for:

a. Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b. Statutory damages of **$1,000.00** pursuant to Florida Statutes § 559.77(2);

c. Pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Florida Statutes § 559.77(2); actual damages of at least **$15,000.00** for damage to Mr. Barley's credit reports and scores, lost economic opportunities, higher interest rates, higher insurance rates, and emotional distress caused by the Defendants intentional false and defamatory communications.

    d.    An injunction of Estoppel against the Defendant from engaging in any further action in violation of Florida law, pursuant to Florida Statutes § 559.77(2);

    e.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3), Florida Statutes § 559.77(2), and Florida Statutes § 772.104(1);

    f.    Punitive damages pursuant to Florida Statutes § 559.77(2), not to exceed triple the amount of actual damages awarded.

    g.    Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Barley hereby demands a trial by jury on all issues so triable.

Respectfully submitted on **May 10, 2022,** by:

    **SERAPH LEGAL, P. A.**
/s/ *Carolyne Moomaw*
Carolyne Moomaw, Esq.,
Florida Bar # 21889
/s/ *Thomas M. Bonan*
Thomas M. Bonan, Esq.
Florida Bar # 118103
tbonan@seraphlegal.com
1614 N. 19th St.
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Attorneys for Plaintiff*

**ATTACHED EXHIBIT LIST**
A    CRMG's Letter Confirming Settlement